### T. L. BELCHER & CO. v. ESTES et al.
### (5 Div. 975.)

Supreme Court of Alabama.    March 24, 1927.

Rehearing Denied April 21, 1927.

**1. Trial ⬥142—General affirmative charge should not be given, when adverse inferences are reasonable.**

The general affirmative charge that, if jury believes the evidence, it must find for plaintiff, should not be given, where there are adverse inferences that are reasonable.

**2. Bills and notes ⬥195—Wife's indorsement in blank, and delivery to husband of check for deposit, would not necessarily divest her of title.**

In garnishment suit, the court properly refused to instruct jury that claimant's voluntary indorsement of check in blank and delivery to her husband passed title thereto, under evidence that she delivered it to her husband with instructions for deposit.

**3. Garnishment ⬥218—Question to judgment debtor concerning his share of proceeds from land held proper, where wife claimed proceeds deposited with garnishee.**

In garnishment suit, question to husband concerning disposition of his share of proceeds of land was proper, where his wife claimed fund in garnishee bank as her share of proceeds of the same sale.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Garnishment suit by T. L. Belcher & Co. against W. N. Estes, defendant, the Chambers County Bank, garnishee, with interposition of claim by Ida F. Estes. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The answer of the garnishee bank was to the effect that the defendant had on deposit in said bank in his name $404.39 and that $1,000 was placed with said bank in the savings department in the name of W. N. and Ida F. Estes, but that the garnishee had been notified that said Ida F. Estes claimed title to both of said sums of money.

After said answer was filed, a citation was issued to Ida F. Estes, who appeared and propounded her claim to the funds held by the garnishee. Thereupon an issue was made up between the plaintiff and the claimant.

The claimant testified that she and her husband, the defendant, jointly owned lands which they sold, and that the purchaser made a check for $1,896.41 payable to Ida F. Estes, as balance of one-half interest in said land, and that the money on deposit in garnishee bank, mentioned in the answer, was a part of the proceeds of that check. She testified that this check was given to her by the purchaser that she indorsed it and turned it over to one Hines, and that all checks that had been drawn against same had been signed by her.

The defendant testified that his part of his interest in the proceeds of the sale went into the garnishee bank, and that he had no money in said bank at the time of the garnishment. Over plaintiff's objection, this witness was asked, "What did you do with your part?" and answered, "The Roanoke Banking Company got every copper of it." The witness was also asked, "Did Mrs. Estes ever give you any part of that money?" and answered, "She did not."

The cashier of the garnishee bank testified that the money on deposit in said bank, referred to in the answer, was the proceeds of the check for $1,896.41; that defendant brought the check to the bank and directed how the deposit should be made—the drawing account in his name and the time deposit in his and his wife's name.

These charges were refused to plaintiff:

"(1) I charge you, gentlemen of the jury, if you believe the evidence in this case, you will find a verdict for the plaintiff in this cause.

"(2) I charge you, gentlemen of the jury, that, if you believe beyond a reasonable doubt that the claimant of her own free will indorsed the check in question in this case, then her indorsement in blank and delivery of said check passed the title of said check to the person to whom it was delivered."

Hooton & Moon, of Roanoke, for appellant.

Charge 2 is a correct statement of law, and should have been given. First Nat. Bank v. Nelson, 105 Ala. 180, 16 So. 707; Code 1923, §§ 9202, 9203, 9146, 9147. The affirmative charge was due to have been given for plaintiff. The rulings on evidence constituted reversible error. Day v. Thompson, 65 Ala. 269; Litchfield v. Falconer, 2 Ala. 280.

J. A. Hines, of La Fayette, for appellees.

Counsel discusses the questions raised, but without citation of authorities.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. [1] The general affirmative charge should not be given when there are adverse inferences that are reasonable. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There were such inferences that prevented the giving of such instructions. The case of First National Bank v. Nelson, 105 Ala. 180, 16 So. 707, involved a controversy between Mrs. Nelson and the bank for money used by the husband in payment of his debts to the bank.

[2] Refused charge 2, when referred to the evidence, was incorrect or misleading. If the wife did not deliver the check to the husband with the intent of parting with her legal title to the proceeds thereof, and the husband breached her instructions in the deposit thereof, this did not divest her of title. The charge, when applied to this evidence, justified its refusal.

[3] The question to W. N. Estes, as to the deposit of his part of the purchase price of the land was material and tended to shed light upon the inquiry as to whom the money belonged that was deposited in the Chambers County Bank; that is to say, if his part of the fund went in payment of the Roanoke Banking Company, it was a relevant fact, and necessary to the true answer as to what fund was employed by the husband in making the deposit in his name with the Chambers County Bank.

The witness Estes was properly permitted to state the fact of whether or not the wife gave him any part of said fund or proceeds of the check.

The objection does not reach the vice of statement of conclusion.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.